# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-000113-MR
# [CRIMINAL CASE NO. 4:96-cr-00053-MR-1]

| | |
|---|---|
| OWEN ODDMAN[1], | ) |
| Petitioner, | ) |
| vs. | ) **O R D E R** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and the Petitioner's Motion to Strike [Doc. 2], which the Court construes as a motion to amend. For the reasons that follow, Petitioner's motion to amend will be allowed, and Petitioner's Section 2255 motion will be dismissed as successive.

## I.    BACKGROUND

On January 23, 2001, Petitioner was convicted by a jury on one count of conspiracy to distribute and possession with intent to distribute cocaine

---

[1] In the underlying criminal proceedings, Criminal Case No. 4:96-cr-00053-MR-1, the Petitioner's last name is spelled "Odman."

and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of 360 months' imprisonment. [Criminal Case No. 4:96-cr-00053, Doc. 469: Judgment in a Criminal Case]. Petitioner's conviction and sentence were affirmed on appeal. United States v. Odman, 47 F. App'x 221 (4th Cir.), cert. denied, 537 U.S. 1211 (2003).

On March 11, 2004, Petitioner filed a § 2255 motion to vacate, which the Court denied and dismissed on December 12, 2005. [Civil Case No. 1:04-cv-00044, Doc. 10]. On June 27, 2006, the Fourth Circuit dismissed Petitioner's appeal. United States v. Odman, 191 F. App'x 247 (4th Cir.), cert. denied, 549 U.S. 1258 (2007). On April 22, 2013, Petitioner filed another § 2255 motion which this Court dismissed under the provisions of 28 U.S.C. § 2255(h) because Petitioner had failed to obtain authorization to file a successive § 2255 motion. [Civil Case No. 1:13-cv-00128-MR, Doc. 4: Order]. Petitioner's appeal was dismissed by the Fourth Circuit on February 25, 2014. United States v. Odman, No. 13-7531, 2014 U.S. App. LEXIS 3515 (4th Cir. 2014) (unpublished).

Thereafter, Petitioner filed the present motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. Alternatively, Petitioner seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Id.]. Petitioner also has filed a motion to strike pages 2 and 15 from his memorandum of law in

2

support of his motion and replace such pages with corrected versions thereof. [Doc. 2]. The Court will view this motion to strike as a motion to amend his motion to vacate.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In the present § 2255 motion to vacate, Petitioner contends that he was sentenced to a term of imprisonment that is in excess of the maximum as allowed by law. [Doc. 1 at 1]. Petitioner raised the substance of this claim in his 2013 Section 2255 motion to vacate and the Court declined to consider any potential merits of the claim because Petitioner had failed to demonstrate that he had obtained the authorization to file a successive § 2255. As the Court explained in the Order of dismissal, the Antiterrorism and Effective Death Penalty Act (AEDPA), as amended in 1996, provides, in relevant part

that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244(b)(3)(A) by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has filed two unsuccessful § 2255 motions in this District and he recently had the second § 2255 motion dismissed under the provisions of § 2255(h) as an unauthorized motion. He still has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present motion and it therefore will be dismissed. See, e.g. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)

(holding that Rule 60(b) motion must be treated as successive collateral review application "when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application") (internal quotation marks and citation omitted).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IV.  CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Strike [Doc. 2], which the Court construes as a motion to amend, is **ALLOWED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** without prejudice as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge